Justice CASTILLE joins this dissenting opinion.

MILLER ELECTRIC COMPANY

v.

Tate DeWEESE and Just–Mark, Inc.

v.

Birmingham Bistro, Inc.

Appeal of Birmingham Bistro, Inc.

Supreme Court of Pennsylvania.

March 30, 2007.

### ORDER

PER CURIAM.

AND NOW, this 30th day of March, 2007, appellant's application for relief is **GRANTED**. The concluding sentence of the majority opinion in the above-captioned case, filed October 17, 2006, is hereby amended to read as follows:

> Since appellant's notice of appeal was filed within 30 days of the trial court's order denying its motion for attorney's fees, the Superior Court's order quashing appellant's appeal is hereby vacated, and the case is remanded to the Superior Court for consideration of the merits.

Order reversed. Case remanded to the Superior Court. Jurisdiction relinquished.

---

1. The majority suggests finding Appellant's challenge to the application of § 9712 waived would "punish counsel for declining to resist the trial court's unequivocal effort to cut off conversation on this point." Majority Slip Op., at 7. I disagree. Counsel began her argument by *conceding* the mandatory issue "with one additional argument"—she made that argument, which was not remotely close to the issue raised here. Counsel argued the court should exercise leniency; she did not argue § 9712 did not apply. Counsel simply failed to raise the issue asserted here, and the failure to do so constitutes waiver.

Justice CASTILLE and Justice BALDWIN did not participate in the consideration or decision of this application.

Former Justice NEWMAN did not participate in the decision of this application.